**ENESCO CORPORATION, and Precious Moments, Inc., Plaintiffs,**

v.

**JAN BELL MARKETING, INC., Defendant.**

No. 96 C 3842.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 2, 1998.

Patrick J. Arnold, Jr., John J. Held, Melissa Anne McAndrews, McAndrews, Held & Malloy, P.C., Chicago, IL, for Enesco Corporation.

James Patrick White, Welsh & Katz, Ltd., Chicago, IL, Patrick J. Arnold, Jr., John J. Held, Melissa Anne McAndrews, McAndrews, Held & Malloy, P.C., Chicago, IL, for Precious Moments, Inc.

Keith D. Parr, Michael J. Gaertner, Lord, Bissell & Brook, Chicago, IL, for Jan–Bell Marketing, Inc.

### MEMORANDUM OPINION

GRADY, District Judge.

Before the court is plaintiffs' motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated in this opinion, the motion is denied.

### BACKGROUND

Plaintiff Precious Moments, Inc., (PMI) is the owner of U.S. copyright registrations for a line of figurines called "Precious Moments." PMI has granted the other plaintiff (Enesco) an exclusive license under those copyrights. Enesco has in turn sub-licensed the foreign rights of the copyrights to its subsidiaries outside the United States, but has allegedly retained for itself all rights (including distribution) in the United States. These subsidiaries lawfully make copies of the figurines and distribute them abroad. Plaintiffs began tracking the distribution of the figurines when they suspected that some of them were being imported and distributed in the United States without Enesco's authorization. According to plaintiffs, their tracking efforts led to the discovery that a wholly-owned subsidiary of defendant Jan Bell sold at least one figurine in the United States in violation of Enesco's distribution rights.

One of plaintiffs' claims is brought under § 602 of the Copyright Act. 17 U.S.C. § 602 (1994). Section 602 imposes liability for "[i]mportation" of copyrighted goods "into the United States, without the authority of the owner of the copyright under this title ." *Id.* Defendant argues that it cannot be held liable under § 602's "importation" provision because it did not import the figurine at issue; it merely purchased the figurine from a third-party importer.

### DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *O'Connor v. DePaul University,* 123 F.3d 665, 669 (7th Cir.1997). "A dispute over material facts is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Kennedy v. Children's Serv. Soc'y of Wis.,* 17 F.3d 980, 983 (7th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [plaintiff's] favor on a material question." *McGrath v. Gillis,* 44 F.3d 567, 569 (7th Cir.1995).

In this case, a purely legal issue precludes summary judgment. Section § 602 of the Copyright Act imposes liability for the unauthorized "[i]mportation" of copyrighted goods into the United States. The statute does not define what importation is, nor does it specify who can be held liable for an act of importation. The party responsible for the

actual act of importation can obviously be held liable, but the instant case does not present that situation. Plaintiffs do not allege that Jan Bell imported or otherwise brought the figurine at issue into the United States. Plaintiffs allege that defendant sold a good that had been imported without authority. The issue in this case, then, is whether a party who purchases infringing goods from a person who imports them can be held liable under § 602.

■ Because neither the statute nor its legislative history provides a definition, the court will give the term "importation" its plain meaning. *See Smith v. United States,* 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."); *In re Merchants Grain, Inc. By and Through Mahern,* 93 F.3d 1347, 1353 (7th Cir.1996) (stating same rule). "Importation" is defined as "[t]he act of bringing goods and merchandise into a country from a foreign country." Black's Law Dictionary 755 (6th ed.1990).[1] Because plaintiffs have offered no evidence that defendant brought goods into the United States from a foreign country, defendant cannot be held liable for an act of "importation."

Two other considerations support giving "importation" its plain meaning. First, the legislative history of the statute does address the situation presented in this case. (i.e., where lawfully made copies are imported into the United States, and if distributed, would infringe the U.S. copyright owner's exclusive rights). In explaining the scope of § 602 in this situation, the legislative history discusses only "the mere act of importation" and says that act "would constitute an act of infringement and could be enjoined." Notes of Committee on the Judiciary, H.R.Rep. No. 94–1476, at 170 (1976). The legislative history says nothing about the subsequent distribution of the infringing imported goods.

Second, allowing copyright owners to sue distributors under § 602 violates the rule that courts should "construe statutes in the context of the entire statutory scheme and avoid rendering statutory provisions ambiguous, extraneous, or redundant." *In re Merchants Grain,* 93 F.3d at 1354. Allowing suit for infringing distributions under § 602 would render § 106(3) of the Copyright Act redundant, as § 106(3) also allows copyright owners to sue for infringing distributions. *See* 17 U.S.C. § 106(3) (1994). The result would not be merely an abstract violation of a canon of statutory construction; it would have important potential consequences for the defendant because, while § 106(3) permits the "first sale doctrine" as an affirmative defense, the same may not be true of § 602.[2]

The court is aware of contrary decisions holding that subsequent distributors of goods imported without authorization can be liable for "importation" under § 602.[3] *See Parfums Givenchy, Inc. v. Drug Emporium, Inc.,* 38 F.3d 477 (9th Cir.1994); *Columbia Broadcasting System, Inc. v. Scorpio Music Distributors, Inc.,* 569 F.Supp. 47 (E.D.Pa. 1983). However, we believe the issue is governed by the plain language of the statute and that it is unnecessary to resort to the policy considerations relied on in these decisions and urged by the plaintiffs in this case.

## CONCLUSION

Plaintiffs' motion for partial summary judgment is denied.

---

1. *See also Smith v. United States,* 508 U.S. 223, 229, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (using Black's Law Dictionary to ascertain meaning of a statutory term).

2. *See* 17 U.S.C. §§ 106(3), 602 (1994). The Supreme Court is currently reviewing a case involving the application of the first sale doctrine to variations of § 602 claims, *L'Anza Research Int'l v. Quality King Distributors, Inc.,* 98 F.3d 1109 (9th Cir.1996), *cert. granted,* —— U.S. ——, 117 S.Ct. 2406, 138 L.Ed.2d 173 (U.S. June 2, 1997) (No. 96–1470).

3. We are also aware of a decision questioning the extension of § 602 liability to subsequent distributors. *See Disenos Artisticos E Industriales v. Costco Wholesale Corp.,* 97 F.3d 377, 380 (9th Cir.1996) (dictum).